UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL PERRY OSWALD,

                Plaintiff,

v.                                                  Case No. 17-cv-1437-pp

DEPARTMENT OF CORRECTIONS, *et al.*,

                Defendants.

---

**ORDER DENYING THE PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION (DKT. NO. 10)**

---

      The court previously issued an order allowing the plaintiff to proceed against defendants Schrubbe, McCreedy, Charles, DeYoung, Weber and Kelley, on his claim that they were deliberately indifferent to his serious medical needs. Dkt. No. 13 at 14. It also allowed him to proceed against defendant Manlove on a deliberately indifference claim. Id. at 14-15. It allowed the plaintiff to proceed against all these defendants on related state-law negligence claims. Id. at 15. Finally, it allowed the plaintiff to proceed against the Department of Corrections on a Rehabilitation Act claim. Id. at 16. In its order, the court noted that the plaintiff also had filed a motion for a preliminary injunction. Id. at 16. The court deferred ruling on that motion until the two subjects of the motion—defendants McCreedy and Kelley—had been served with the complaint and had an opportunity to respond. Id. at 18. The defendants filed their brief in opposition to the motion for a preliminary injunction on August 31, 2018. Dkt. No. 22.

As the court noted in its June 21, 2018 order, "a preliminary injunction is an extraordinary remedy which is not available unless plaintiffs carry their burden" of proving the factors the Seventh Circuit has laid out. Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 383 (7th Cir. 1984) (quoting Shaffer v. Globe Prot., Inc., 721 F.2d 1121, 1123 (7th Cir. 1983)). The plaintiff must show that "he has no adequate remedy at law or will suffer irreparable harm if the injunction is denied; that this harm will be greater than the harm the defendant will suffer if the injunction is granted; that the plaintiff has a reasonable likelihood of success on the merits; and that the injunction will not harm the public interest." Id. (citing various cases).

In addition, for plaintiffs who are in custody, any relief the court may grant must comply with the Prison Litigation Reform Act. 18 U.S.C. §3626. The PLRA requires a court to ensure that any relief granted is (1) narrowly drawn; (2) extends no further than necessary to correct the violation of the federal right; and (3) is the least intrusive means necessary to correct the violation. Id.

The court received the plaintiff's motion for a preliminary injunction on February 21, 2018; he dated it February 14, 2018. Dkt. No. 10. At that time, he was in custody at the Kettle Moraine Correctional Institution, id. at 4, where defendants McCreedy and Kelley worked. The plaintiff alleged that defendant McCreedy was retaliating against him by making "medical decisions pertaining to the plaintiff and his needs with a malicious intent," despite the fact that

McCreedy is not a medical professional.[1] Dkt. No. 10 at 1. The motion alleged that the plaintiff was "being denied" the ability to have physical therapy while in segregation, that McCreedy had refused to intervene to make sure the plaintiff got his medications and adult diapers, and that McCreedy had denied him special accommodations for his vertigo and other disabilities. Id.

The plaintiff also alleged that defendant Kelley was creating policies that made the plaintiff suffer—again, denying him physical therapy while he was in segregation, refusing to follow the suggestions of the off-site specialists, denying him a medical double mattress, and deterring him from going to health services by requiring him to pay $7.50 co-pay for each visit. Id. at 2.

The plaintiff also explained that while he was receiving adult diapers and clean linens at the time he filed the motion, there was no guarantee that McCreedy and Kelley wouldn't stop providing these items in the future. Id. at 3. The plaintiff asked the court to order that he not be required to pay co-pays, that he be given a double mattress, that he be given certain medication, that McCreedy be demoted, that all health services managers be required to have some sort of medical training, that the defendants send him to another specialist, and that the defendants be forced to follow all medication and treatment plans ordered by specialists. Id. at 4.

While the defendants made no mention of this in their brief, it appears that the plaintiff's motion now may be moot. On August 6, 2018, the court

---

[1] McCreedy was the manager of health services at Kettle Moraine during some of the events the plaintiff alleged in his complaint. See Dkt. No. 13 at 8.

received from the plaintiff a notice of change of address, indicating that he had been transferred to the Jackson Correctional Facility in Black River Falls, Wisconsin. Dkt. No. 17. The Wisconsin Department of Corrections' Inmate Locator site shows that the plaintiff has been at since August 7, 2018. https://appsdoc.wi.gov.lop/detail.do (last visited September 25, 2018). It appears that the plaintiff has not been at Kettle Moraine—the facility where McCreedy and Kelley worked, and where he claims they were retaliating against him and denying him care—for some fifty-three days, and hadn't been there for three weeks prior to the date the defendants filed their response.

Even if the plaintiff remained at Kettle Moraine, some of the relief he sought in the motion is not the kind of relief he seeks in his §1983 lawsuit. The plaintiff is proceeding on deliberate indifference claims relating to the defendants' alleged deliberate indifference regarding his dizzy spells, incontinence and/or migraines. His demands that he not be required to pay copays for medical visits, that he receive a double mattress, and that the court require Kettle Moraine to demote people, or to impose educational requirements on them, are outside the scope of the deliberate indifference claim on which the court allowed him to proceed. A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); Neuroscience, Inc. v. Forrest, No. 12-cv-813-bbc, 2013 WL 6331346, at *1 (W.D. Wis. Dec. 5, 2013) (denying motion for preliminary injunction because it raised issues outside scope of complaint).

Regarding his remaining requests for relief, the plaintiff conceded in his motion that at the time he filed it, the defendants were giving him special needs items and that they had sent him to at least one specialist for evaluation. His speculation that in the future, the defendants *might* stop doing those things is not sufficient to show irreparable harm. Nor can the plaintiff show that he does not have an adequate remedy at law for the claims he has raised in his complaint. Money damages are the traditional adequate remedy at law, Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of America, Inc., 549 F.3d 1079, 1095 (7th Cir. 2008) (citations omitted); the plaintiff's demand for money damages in his amended complaint (dkt. no. 14 at ¶134) demonstrates that there is an adequate remedy at law for the claims he alleges in the complaint.

It appears that what the plaintiff was attempting to do in filing this motion was to add new claims to his complaint through a motion. That is not the proper procedure for adding claims to a lawsuit—the proper procedure is to file an amended complaint. The court received just such an amended complaint from the plaintiff on June 21, 2018, dkt. no. 14; it contains many of the allegations the plaintiff made in the motion for injunctive relief, and the defendants have answered that amended complaint, dkt. no. 18.

The court **DENIES** the plaintiff's motion for preliminary injunction. Dkt. No. 10.

Dated in Milwaukee, Wisconsin, this 26th day of September, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**