UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL PERRY OSWALD,

                Plaintiff,

v.                                                          Case No. 17-cv-1437-pp

JEFFREY MANLOVE, *et al.*,

                Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 25)**

      The plaintiff, a Wisconsin state prisoner who is representing himself, filed a letter and a motion asking the court to recruit a lawyer to represent him on a volunteer basis. Dkt. Nos. 24, 25. The plaintiff explained that he recently transferred to a new institution and has lost the help of his jailhouse lawyers and friends. He further explained that several months ago, he served discovery requests on the defendants, but that he received only a partial response, and only received that response recently. He stated that he doesn't know how to move this case forward.

      In a civil case, the court has the discretion to recruit a lawyer for individuals who are unable to afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, a plaintiff must make reasonable efforts to hire a lawyer on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In this district, courts generally require a plaintiff to provide evidence

1

showing that he asked at least three lawyers to represent him. For example, a plaintiff can send the court copies of the letters that he sent to lawyers and/or the lawyers' responses to his letters.

After a plaintiff demonstrates that he has made those efforts, the court must decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyering willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

The plaintiff has not satisfied the first requirement under Pruitt. He has not provided the court with any evidence showing that he has made reasonable efforts to hire a lawyer on his own. Even if the plaintiff had satisfied this requirement, however, the court would not have granted his motion at this time, because the court believes he can represent himself through the next stage of the process—summary judgment motions. So far, the plaintiff's filings have been easy for the court to understand: his complaint was straightforward and organized. He appears to understand the issues in his case and seems able to communicate what he is asking for in a well-reasoned and coherent manner.

Understandably, the plaintiff is frustrated because he says the defendants are not responding to his discovery requests, and he does not know what to do. Civil Local Rule 37 allows a party to ask the court to compel the other side to respond to or comply with that party's discovery requests. Before a party can file a motion to compel with the court, however, that party must try to work things out with the other side directly. In this case, the plaintiff can try to work things out by writing a letter to the defendants' lawyer (Assistant Attorney General Michael D. Morris, Wisconsin Department of Justice, PO Box 7857, Madison, Wisconsin 53707-7857) and explaining to Attorney Morris why the plaintiff believes that the information the defendants gave him wasn't complete. The plaintiff should give AAG Morris at least a week to respond to his letter.

If AAG Morris does not respond to the plaintiff's letter or does not address the plaintiff's concerns, the plaintiff may file a motion to compel, asking the court to help resolve the dispute. In that motion, the plaintiff should explain what steps he took to resolve the dispute on his own before he filed his motion. He should be very specific about what documents or information he asked for but did not receive. If AAG Morris objected to providing the plaintiff with the documents or information he asked for, the plaintiff should explain why he believes AAG Morris's objections are not valid. If the plaintiff files a motion to compel, AAG Morris will have twenty-one days to respond to the motion. The plaintiff will have fourteen day to file a reply that addresses AAG Morris's response.

The deadline for completing discovery is December 28, 2018, and the deadline for the parties to file dispositive motions is January 28, 2019. To give the plaintiff time to try to work things out with the defendants, the court will extend the deadline for completing discovery to **Friday, February 1, 2019**. The court will also extend the dispositive motion deadline to **Monday, April 1, 2019.**

The court **DENIES without prejudice** the plaintiff's motion to appoint counsel. Dkt. No. 25.

The court **ORDERS** that the deadline for the parties to complete discovery is **EXTENDED** to **Friday, February 1, 2019**. The court further **ORDERS** that the deadline for the parties to file summary judgment motions is **EXTENDED** to **Monday, April 1, 2019**.

Dated in Milwaukee, Wisconsin, this 27th day of December, 2018.

                                            **BY THE COURT:**

                                            **HON. PAMELA PEPPER**
                                            **United States District Judge**