UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL PERRY OSWALD,

                Plaintiff,

v.                                  Case No. 17-cv-1437-pp

JEFFREY MANLOVE, *et al.*,

                Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF THE DISOVERY AND DISPOSITIVE MOTION DEADLINES (DKT. NO. 27) AND DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 28)**

On December 27, 2018, the court extended the discovery deadline in this case to February 1, 2019, and the dispositive motion deadline to April 1, 2019. Dkt. No. 26. A little more than a week later, the court received a motion from the plaintiff asking the court to extend the discovery deadline to January 31, 2019, and the dispositive motion deadline to February 28, 2019. Because the court already had ordered extensions of both deadlines that exceeded those the plaintiff requested, the court assumes that the plaintiff's motion and the court's decision crossed in the mail. The court will deny the plaintiff's motion as moot.

The plaintiff also filed a motion to compel responses to his discovery requests. Dkt. No. 28. The plaintiff asserts that he mailed his discovery requests to the defendants' lawyer (AAG Michael Morris) in late August or early September 2018. Id. According to the plaintiff, AAG Morris informed the plaintiff that Morris needed sixty days to respond to the plaintiff's discovery

1

requests; the plaintiff did not object to Morris's request for additional time. Id. at 2. The plaintiff asserts, however, that the agreed-upon deadline has passed, and he has not received responses to his interrogatories or document requests. Id. at 2-3.

The defendants responded to the plaintiff's motion to compel. Dkt. No. 31. They argue that the court should deny the plaintiff's motion because the plaintiff failed to comply with Civil L.R. 37's requirement that he confer with counsel for the defendants in an attempt to informally resolve the dispute before asking the court to get involved. Id. at 1. The defendants note that the plaintiff alleges in his motion that he wrote a letter to AAG Morris in an attempt to resolve the dispute; the defendants state that Morris never received a letter from the plaintiff. Id. The defendants say that, "[p]rompted by [the plaintiff's] motion to compel, Defendants will work quickly to finalize and send him those responses." Id. at 2.

Although the court acknowledges that the defendants' discovery responses are long past due (a lengthy delay for which defendants offer no explanation), it will deny the plaintiff's motion to compel based on the representations that that defendants' counsel did not receive the plaintiff's meet-and-confer letter and that the defendants will "quickly" respond to the plaintiff's requests. If the plaintiff does not receive the defendants' discovery responses by February 28, 2019, he may renew his motion to compel.

The court advises the plaintiff that, in the event the defendants respond to his discovery requests and he is dissatisfied with their responses, he must

2

first confer with counsel for the defendants to try to resolve his concerns before he raises those concerns with the court. See Civil L.R. 37.

The court **DENIES as moot** the plaintiff's motion for an extension of the discovery and dispositive motion deadlines. Dkt. No. 27.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 28.

Dated in Milwaukee, Wisconsin, this 25th day of February, 2019.

       **BY THE COURT:**

       _____
       **HON. PAMELA PEPPER**
       **United States District Judge**